UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.3.185.153,<br><br>Defendant. | Case No. 18-cv-07077-EMC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Docket No. 7 |

Plaintiff Strike 3 Holdings, LLC has filed a copyright infringement action against Defendant John Doe. Strike alleges that Mr. Doe has infringed 43 of Strike 3's motion pictures using BitTorrent. Currently pending before the Court is Strike 3's ex parte application for leave to serve a third-party subpoena prior to a Rule 26(f) conference.

## I.   DISCUSSION

The Court has reviewed the application and supporting materials, as well as the complaint. *See, e.g.*, Lansky Decl. ¶¶ 29-30 (testifying that Strike 3 "strive[s] to only file strong cases against extreme infringers" – *i.e.*, those who "engage in no only illegal downloading, but also in large scale unauthorized distribution of our content"; also testing that Strike 3 "do[es] not seek settlements unless initiated by the defendant or his counsel"); Fieser Decl. ¶¶ 3-4, 7 (testifying that IPP provides forensic investigation services and that IPP determined that the IP address associated with Mr. Doe "was documented distributing to IPP's servers multiple pieces of Strike 3's copyrighted movies" identified in the complaint); Pasquale Decl. ¶ 6 (testifying that Strike 3 hired him to analyze forensic evidence captured by IPP); Stalzer Decl. ¶¶ 8-11 (testifying that the digital media files provided by IPP were copies of Strike 3's motion pictures; also testifying that AIRN

confirms that the ISP Comcast Cable owned the IP address at the time of the alleged infringements).

For reasons similar to those articulated in another Strike 3 case before the Court, *see Strike 3 Holdings, LLC v. Doe*, No. C-18-5994 EMC (N.D. Cal.) (Docket No. 10), the Court **GRANTS** the application for what is, in effect, limited early discovery.

The Court notes, however, that, although it is permitting limited early discovery, it is not precluding Mr. Doe from filing a 12(b)(6) motion to dismiss nor is it prejudging any such motion. The Court also advises Strike 3 that, upon obtaining the name and address of Mr. Doe, it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should be mindful of the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018) (stating that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol ('IP') address associated with infringing activity is [in]sufficient to state a claim for direct or contributory infringement").

## II. <u>CONCLUSION</u>

It is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable to obtain the true name and address of the Doe Defendant at IP address 107.3.185.153. A copy of this Order must be attached to the subpoena, and any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of serving Defendant and prosecuting the claims asserted in the complaint.

**It is further ORDERED** that Comcast Cable will have 30 days from the date of service upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this Order.

**It is further ORDERED** that the Doe Defendant will have 30 days from the date of service upon him to file any motions contesting the subpoena with this Court. If that 30-day period lapses without the Doe Defendant contesting the subpoena, Comcast Cable shall produce the information responsive to the subpoena to Plaintiff within 10 days.

**It is further ORDERED** that Plaintiff shall not publicly disclose any of the Doe Defendant's identifying information until he has had the opportunity to file a motion with this Court for leave to proceed anonymously and that motion is ruled on by the Court. The Doe

Defendant will have 30 days from the date of service upon him to file such a motion, and he may file the motion under seal.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: January 2, 2019

_____
EDWARD M. CHEN
United States District Judge